IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED

NOV 02 1999

Michael N. Milby, Clerk of Court

| | |
|---|---|
| DAELIM ENGINEERING CO., LTD., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-98-0654 |
| § | |
| OCEANGATE, INC., KOREAN AIR § | |
| LINES CO., LTD., and ALLIANCE § | |
| AIRLINES, § | |
| § | |
| Defendants. § | |

MEMORANDUM AND ORDER

Pending are Defendant Korean Air Lines Co., Ltd.'s Motion to Dismiss Cross-Claim of Oceangate, Inc. (Document No. 39), Defendant Alliance Airlines Rule 12(b)(6) Motion to Dismiss Cross-Claim of Oceangate, Inc. (Document No. 40), Plaintiff Daelim Engineering Co., Ltd.'s Motion to Dismiss (Document No. 43), Defendant Oceangate, Inc.'s Rule 12(b)(6) Motion to Dismiss Plaintiff's Claims Against Oceangate (Document No. 46), Defendant Oceangate, Inc.'s Motion for Hearing (Document No. 47), Defendant Oceangate, Inc.'s Motion for Leave to Request Modification of the Extension to Respond to Defendants Korean Air and Alliance's Motion for Dismissal (Document No. 48), and Defendant Oceangate, Inc.'s Motion to Modify Scheduling Order (Document No. 49). After having reviewed the motions, responses, replies, and applicable law, the Court concludes that the motions should be resolved as follows.

51

I. <u>Background</u>

This case arises from damage to an Emergency Shutdown System that was to be shipped from Houston to South Korea. Plaintiff Daelim Engineering Co. ("Daelim") coordinated shipment of the System through Defendant Oceangate, Inc. ("Oceangate"). The manufacturer of the System arranged for transportation via truck to the airport where the System was to be loaded for shipment to South Korea. On or about June 20, 1996, when Defendant Alliance Airlines ("Alliance"), Defendant Korean Air Lines's ("KAL") agent, unloaded the System at the airport from the truck, it dropped the crate and allegedly damaged the System. KAL issued an air waybill on or about June 23, 1996, for transportation of the System to South Korea. Concerned about the damage, Daelim canceled the shipment.

Daelim filed suit on March 6, 1998, against KAL, Alliance, and Oceangate for the alleged mishandling of the System. KAL and Alliance subsequently compromised and settled its claims with Daelim. On June 11, 1999, Oceangate filed a cross-claim against KAL and Alliance for contribution and indemnity for any liability imposed upon it for damage to the System. KAL and Alliance move to dismiss Oceangate's cross-claim, asserting *inter alia* that Oceangate did not assert its claim within the two-year time period provided by the Warsaw Convention for asserting such claims.

Daelim has also filed a motion to dismiss KAL and Alliance because it has resolved all matters with the those two Defendants.

2

Finally, Oceangate moves to dismiss Daelim's claim, asserting that Daelim cannot seek further damages from Oceangate because of Daelim's settlement with Alliance and KAL.

## II. Motion to Dismiss Standard of Review

Fed. R. Civ. P. 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." When a district court reviews the sufficiency of a complaint before it receives any evidence either by affidavit or admission, its task is inevitably a limited one. See Scheuer v. Rhodes, 94 S. Ct. 1683, 1686 (1974). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the claims. See id.

In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint. See Lowrey v. Texas A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997). Dismissal of a claim is improper "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 78 S. Ct. 99, 102 (1957). "The plaintiff need not set forth all the facts upon which the claim is based; rather, a short and plain statement is sufficient if it gives the defendant fair notice of what the claim is and the

3

grounds upon which it rests." Mann v. Adams Realty Co., 556 F.2d 288, 293 (5th Cir. 1977). Therefore, in challenging the sufficiency of the complaint under Rule 12(b)(6), the defendant bears the burden of proving that "no relief could be granted under any set of facts that could be proved consistent with the allegations" in the complaint. Hishon v. King & Spalding, 104 S. Ct. 2229, 2232 (1984).

   III. Korean Air Lines Co., Ltd.'s Motion to Dismiss and Alliance Airlines's Motion to Dismiss[1]

The Warsaw Convention[2] ("Convention") applies to all suits involving the hired transportation of goods performed by an aircraft. See Convention art. 1(1). The purpose of the Convention is to ensure the uniform regulation of "the conditions of international transportation by air in respect of the . . . liability of the carrier." Id. preamble. The Convention limits the liability imposed upon a carrier or its agent for damage to goods that occurs during transportation by air, whether at the airport or on board an aircraft. See id. art. 18, 22.

---

[1] Defendant Oceangate Inc.'s Motion for Leave to Request Modification of the Extension to Respond to Defendants Korean Air and Alliance's Motion for Dismissal (Document No. 48) is GRANTED.

[2] Convention for the Unification of Certain Rules Relating to International Transportation by Air, 49 Stat. 3000, *reprinted in* 49 U.S.C. § 40105.

4

Claims asserted for indemnification and contribution must be asserted within the time period proscribed by the Convention. *See* Motorola, Inc. v. MSAS Cargo Int'l, Inc., 42 F. Supp. 2d 952, 956 (N.D. Cal. 1998); Royal Ins. Co. v. Emery Air Freight Corp., 834 F. Supp. 633, 634, 636 (S.D.N.Y. 1993); Data Gen. Corp. v. Air Express Int'l Co., 676 F. Supp. 538, 540-41 (S.D.N.Y. 1988); Split End Ltd. v. Dimerco Express (Phils) Inc., 19 Av. Cas. (CCH) 18, 364 (S.D.N.Y. 1986), *available in* 1986 WL 2199, at * 6; Magnus Elec., Inc. v. Royal Bank of Can., 611 F. Supp. 436, 442 (N.D. Ill. 1985). The Convention provides:

> The right to damages shall be extinguished if an action is not brought within 2 years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the transportation stopped.

Convention art. 29(1). This time period *is* deemed a condition precedent and is not subject to tolling. *See* Husmann v. Trans World Airlines, Inc., 169 F.3d 1151, 1154 (8th Cir. 1999); Fishman v. Delta Air Lines, Inc., 132 F.3d 138, 144 (2d Cir. 1998) (analyzing thoroughly the legislative history and concluding that a tolling provision was specifically rejected by the drafters).

In this case, the System allegedly was damaged in June 1996 when Alliance dropped it while unloading it for air carriage; transportation of the cargo also stopped in June 1996 when Daelim canceled the shipment. Oceangate did not file its cross-claim for indemnity and contribution until June 11, 1999, nearly three years

5

after the date that transportation of the cargo had stopped. Oceangate therefore has not fulfilled the condition precedent in Article 29 for bringing suit against a carrier or its agent within two years after transportation of the cargo had stopped.

Oceangate argues that by alleging that Defendants' "wilful misconduct" resulted in the damage, the claims are not governed by the Warsaw Convention's limitation period. Article 25(1) states that "[t]he carrier shall not be entitled to avail himself of the provisions of this convention *which exclude or limit his liability*, if the damage is caused by his wilful misconduct . . . ." (emphasis added). This section refers to the limitation of liability provision in Article 22 which limits a carrier's liability for damages to a certain amount, not to the time period of limitation in Article 29. *See* Magnus Elec., Inc. v. Royal Bank of Can., 611 F. Supp. 436, 442 (N.D. Ill. 1985) ("*All* the cases teach the 'exclude or limit his liability' language was aimed at the familiar provisions of Article 22, *not* at Article 29(1) and its limitations provisions."); Stone v. Mexicana Airlines, Inc., 610 F.2d 699, 700 (10th Cir. 1979) ("[T]he language of Article 25 was [not] intended to result in periods of limitation differing in accordance with the type of conduct giving rise to the cause of action."); *see also* Highlands Ins. Co. v. Trinidad & Tobago (BWIA Int'l) Airways Corp., 739 F.2d 536, 540 (11th Cir. 1984).

6

Finally, Oceangate argues that, as a cross-claim and pursuant to Fed. R. Civ. P. 15(c), its indemnity and contribution claim should relate back to when its answer was originally filed.[3] However, the cross-claim does not "relate back" to Oceangate's answer pursuant to Rule 15(c) because Oceangate's pleading is an "original" cross-claim against a co-party and not an "amendment" to a previously filed pleading. *See* Kansa Reinsurance Co. v. Congressional Mortgage Corp. of Tex., 20 F.3d 1362, 1367 (5th Cir. 1994). In addition, extending the limitation period pursuant to Rule 15(c) (as adopted in the United States) would be the same as a tolling provision, both of which frustrate the Convention's objectives of ensuring uniformity and certainty of the rules between countries. *See, e.g.*, Motorola, Inc. v. MSAS Cargo Int'l, Inc., 42 F. Supp. 2d 952, 955 & 955 n.2 (N.D. Cal. 1998).

Because Oceangate did not file its cross-claim for contribution and indemnification within two years from the date that the damage occurred and transportation had stopped as required by Article 29 of the Warsaw Convention, Defendant Korean Air Lines Co., Ltd.'s and Alliance Airlines's motions to dismiss Oceangate's cross-claim are GRANTED.

---

[3] Rule 15(c) provides: "An amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading . . . ."

7

## IV. Daelim Engineering Co., Ltd.'s Motion to Dismiss

Daelim moves to dismiss its claims against KAL and Alliance because it has resolved all matters in issue with the two Defendants.[4] Oceangate opposes the motion to dismiss, arguing that dismissal of KAL and Alliance would undermine its ability to prosecute its cross-claim against them. However, Oceangate's cross-claim against KAL and Alliance for indemnity and contribution is barred by limitations and must be dismissed. Oceangate has failed to demonstrate how the dismissal of Alliance and KAL would prevent it from defending the claims asserted by Daelim. Accordingly, Plaintiff Daelim's Motion to Dismiss Defendants KAL and Alliance is GRANTED.

## V. Oceangate, Inc.'s Motion to Dismiss[5]

Oceangate moves to dismiss Daelim's claims, asserting that the settlement between Daelim and KAL and Alliance precludes Daelim

---

[4] KAL and Alliance have made an Offer of Judgment pursuant to Fed. R. Civ. P. 68. (Document No. 35). In Daelim's Reply to Oceangate's Opposition to Daelim's Motion to Dismiss, Daelim states that it served written notice that the offer was accepted. However, the notice of acceptance has not been filed as required by Rule 68 to allow entry of a judgment.

[5] Plaintiff has not filed a response in opposition to Oceangate's Motion to Dismiss, and in accordance with Local Rule 6E, the motion is deemed unopposed. The Fifth Circuit, however, has disapproved dismissals of cases when the district court pursuant to a local rule has deemed no response to a dispositive motion as equivalent to no opposition to that motion. See John v. State of La., 757 F.2d 698, 709 (5th Cir. 1985). Thus, the motion — even though possibly unopposed — must be considered on its merits.

8

from seeking additional damages from Oceangate because the Warsaw Convention limits liability for carriers such as itself. In its motion to dismiss, Oceangate makes numerous factual assertions, including that it is a carrier and that it did not engage in wilful misconduct as alleged in Plaintiff's Original Complaint. However, these assertions are not based solely on the allegations in Plaintiff's Original Complaint but on additional evidence that has not been submitted with the motion to dismiss and, even if it were submitted, could not be considered on a motion to dismiss. *See* Baker v. Putnal, 75 F.3d 190, 196-97 (5th Cir. 1996) ("[T]he court may not look beyond the pleadings in ruling on the motion [to dismiss].") Accordingly, Oceangate's Motion to Dismiss must be DENIED.

## VI. Order

Based on the foregoing, it is

ORDERED that Defendant Oceangate Inc.'s Motion for Leave to Request Modification of the Extension to Respond to Defendants Korean Air and Alliance's Motion for Dismissal (Document No. 48) is GRANTED. It is further

ORDERED that Defendant Korean Air Lines Co., Ltd.'s Motion to Dismiss Cross-Claim of Oceangate, Inc. (Document No. 39), and Defendant Alliance Airlines Rule 12(b)(6) Motion to Dismiss Cross-Claim of Oceangate, Inc. (Document No. 40) are GRANTED. Oceangate

ClibPDF - www.fastio.com

Inc.'s cross-claim against Defendants Korean Air Lines Co., Ltd. and Alliance Airlines for indemnity and contribution is DISMISSED. It is further

ORDERED that Plaintiff Daelim Engineering Co., Ltd.'s Motion to Dismiss (Document No. 43) is GRANTED. All claims asserted by Plaintiff against Defendants Korean Air Lines Co., Ltd. and Alliance Airlines are DISMISSED. It is further

ORDERED that Defendant Oceangate, Inc.'s Rule 12(b)(6) Motion to Dismiss Plaintiff's Claims Against Oceangate (Document No. 46), and Oceangate, Inc.'s Motion for Hearing (Document No. 47) are DENIED. It is further

ORDERED that Defendant Oceangate, Inc.'s unopposed Motion to Modify Scheduling Order (Document No. 49) is STRICKEN because there is no certificate of conference with opposing counsel. *See* Local Rule 6.A.4.

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 1ST day of November, 1999.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE